FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 NOV 14  AM 9: 18

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF  MEMPHIS

| | | | |
|---|---|---|---|
| **JEFFERY YATES,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| v. | ) | No. | 04-2836 Ma/An |
| | ) | | |
| **CITY OF MEMPHIS, et al.,** | ) | | |
| | ) | | |
| **Defendants.** | ) | | |

## ORDER DENYING MOTION TO COMPEL

Before the Court is Plaintiff's Motion for Order Compelling Disclosure or Discovery and Motion for Sanctions and Expenses filed on September 9, 2005. For the reasons set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

### BACKGROUND

The Plaintiff has filed the present Motion claiming that the Defendants either did not respond at all or did not respond adequately to his First Set of Interrogatories, Request for Admissions, and Request for Production of Documents. Attached to the Motion were copies of the Interrogatories and Request for Production of Documents. The Request for Admissions was not attached and therefore the Court cannot consider whether the Defendants' responses to those were adequate or not. In addition, the Plaintiff does not specify which of the Interrogatories and Request for Production were allegedly deficient. He just claims generally that the Defendants' responses were not adequate.

The Court also notes that, although the individual Defendants responded to the Plaintiff's

1

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-16-05

58

Motion, Defendant City of Memphis did not respond as required by Local Rule 7.2(a)(2). "Failure to timely respond to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion." Local Rule 7.2(a)(2). In the future, City of Memphis' counsel is warned that failure to respond to a motion can constitute grounds to grant the motion. Plaintiff is also warned that he must comply with the Local Rules of Court which mandate consultation with opposing counsel before seeking Court intervention. In the future, Plaintiff must file a Certificate of Consultation as required by Local Rule 7.2(a)(1)(B) "affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion." If Plaintiff fails to do so, he runs the risk of having any future motions denied without consideration of their merits.

## ANALYSIS

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, *Federal Practice* § 26.96[1], at 26-131 n.34 (2d ed. 1976)). In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The United States Supreme Court has also noted that discovery should be both broad and liberal. *See Schlagenhauf v. Holder*, 379 U.S.

2

104. 114-15 (1964) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

Upon review of the Interrogatories and Request for Production of Documents, the Court has concluded that the Defendants should be required to supplement their responses to the following:

1. Interrogatory No. 2: Defendants Boyce, Holquin, and Wallace shall provide a written statement in response to this interrogatory and shall include the information requested by the Plaintiff.

2. Interrogatory No. 3: Each Defendant shall respond to this interrogatory, if they have not already done so, and shall provide the name and address, if known, of any and all persons who may have knowledge concerning the circumstances surrounding this action. In addition, a brief description of each person's knowledge regarding the facts of this case shall be provided.

3. Interrogatory No. 7: Defendants Boyce, Holquin, and Wallace shall respond to this interrogatory and each shall state whether he has ever been disciplined or reprimanded for providing false, inaccurate, or misleading information in response to an official inquiry or investigation. If answered in the positive, the Defendant shall also provide details concerning any disciplinary action taken.

4. Interrogatory No. 12: Defendants Boyce, Holquin, and Wallace shall respond to this interrogatory.

5. Request for Production No. 9: To the extent it has not already done so, the City of Memphis shall provide copies of any and all statements taken from any person in conjunction with this matter, a copy of any report or investigation conducted by the City or any of its officers or agents into the circumstances surrounding this matter, any use of force reports or other reports

that were prepared in conjunction with this matter, and any photographs or other visual images taken in conjunction with this matter.

## CONCLUSION

For the reasons set forth above, the Motion is **GRANTED** in part and **DENIED** in part. For those discovery requests that the Court has ordered Defendants to provide supplemental responses, Defendants shall serve its supplemental responses within ten (10) days of entry of this Order. As to all other discovery requests, the Motion is **DENIED**.

**IT IS SO ORDERED.**

_S. Thomas Anderson_
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Dated: November 10, 2005

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 58 in case 2:04-CV-02836 was distributed by fax, mail, or direct printing on November 16, 2005 to the parties listed.

---

Jeffery Yates
220939
1440 Union Springs Road
P.O. Box 679
Whiteville, TN 38075

Timothy P. Taylor
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Heather Anne Kirksey
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT