```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

JEFFERY YATES,

    Plaintiff,

vs.                           No. 04-2836-Ma/An

CITY OF MEMPHIS, et al.,

    Defendants.

ORDER DENYING THE SECOND MOTION TO DISMISS FILED BY
DEFENDANTS BOYCE, HOLQUIN, AND WALLACE
AND
ORDER DENYING PLAINTIFF'S CROSS-MOTION FOR SANCTIONS

On July 20, 2005, defendants Felipe Boyce, Jonas Holquin, and Dariet Wallace filed a second motion to dismiss. That motion adopted the reasoning set forth in the second, renewed motion to dismiss filed by the City of Memphis on July 7, 2005. On July 28, 2005, plaintiff filed two documents, entitled "Motion in Opposition to Deny Defendants F. Boyce, J. Holquin and D. Wallace Motion to Dismiss Plaintiff's Complaint and Motion to Request that Sanction Against Defendants [sic] Attorney Timothy Taylor" and "Memorandum of Law in Support of Motion in Opposition to Deny Defendants F. Boyce, J. Holquin and D. Wallace Motion to Dismiss Plaintiff's Complaint and Motion to Request that Sanction Against Defendants [sic] Attorney Timothy Taylor," which the Court construes as a

response to the motion filed on July 20, 2005 and a cross-motion for sanctions against the defendants' attorney. The individual defendants filed a response to the cross-motion on August 15, 2005.

As to the substance of the individual defendants' motion, the Court has denied the City's second, renewed motion to dismiss. As this motion relies entirely on the City's second, renewed motion, the second motion to dismiss filed by defendants Boyce, Holquin, and Wallace is DENIED.

The motion filed by the individual defendants indicates that plaintiff has submitted motions to some defendants that have not been filed with the Clerk. In particular, the individual defendants have attached copies of a "Motion to Amend Complaint" and an accompanying memorandum, which were mailed on or about May 13, 2005. These documents do not appear on the docket sheet at any date subsequent to May 13, 2005.[1] The individual defendants have also attached copies of a "Motion to Amend/Correct," an accompanying memorandum, an "Amended Complaint," and another accompanying memorandum, which were mailed on or about June 21, 2005, but which do not appear on the docket sheet for this case. As the plaintiff has not obtained leave to file any further amendment to his complaint, as required by Fed. R. Civ. P. 15(a), the

---

[1] The document at Exhibit B is similar, but not identical, to docket entry 12, the April 5, 2005 motion for leave to amend. In light of the order granting leave to amend, which was issued on May 9, 2005, it is not clear why the plaintiff mailed the individual defendants a motion seeking leave to file an amendment that had already been approved. The document at Exhibit C was not docketed by the Clerk.

operative pleading in this case is the second amended complaint, which is comprised of (i) the original complaint; (ii) the amendment as of right, which was filed on December 17, 2004; and (iii) the matters set forth in the motion for leave to amend, which was filed on April 4, 2005.

In his July 28, 2005 filings, the plaintiff asserts that he did, in fact, submit copies of all his documents to the Clerk, and he seeks sanctions against the attorney for the individual defendants for the filing of an allegedly frivolous motion. The plaintiff contends he submitted a second, amended complaint, and he has attached a copy of a mailroom receipt indicating that an envelope addressed to the Clerk was processed on May 13, 2005.[2] Although the plaintiff is correct that he has no control over the Clerk, the fact remains that the documents he submitted on May 13, 2005 were not filed and, therefore, the statements of defense counsel about the status of those documents and the docket in this

---

[2] The plaintiff does not address the documents he mailed to the individual defendants on June 21, 2005.

case were accurate and not sanctionable.[3] The motion for sanctions is DENIED.

       IT IS SO ORDERED this 19TH day of January, 2006.


                              S/ SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE

---

[3] It is unnecessary further to consider whether the documents mailed on May 13, 2005 were received by the Clerk and, if so, why they were not filed, as the plaintiff has not been prejudiced by any error that may have occurred. In light of the May 9, 2005 order granting leave to amend, the Court has treated the substantive paragraphs of the April 12, 2005 motion as part of a second amended complaint. The Court understands that the employees in the Clerk's office have expressed confusion about several documents submitted by the plaintiff, which appear identical to documents previously submitted.