```
                 IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF TENNESSEE
                           WESTERN DIVISION
```

JEFFERY YATES,

    Plaintiff,

vs.                    No. 04-2836-Ma/An

CITY OF MEMPHIS, et al.,

    Defendants.

```
       ORDER DENYING THE SECOND, RENEWED MOTION TO DISMISS FILED BY
                           THE CITY OF MEMPHIS
```

On July 7, 2005, defendant City of Memphis (the "City") filed what it calls a second, renewed motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff responded to this motion on July 14, 2006.[2]

---

[1] The City previously filed identical motions pursuant to Fed. R. Civ. P. 12(b)(6) on March 22, 2005 and April 26, 2005, which were denied in a separate order.

[2] As a preliminary matter, it is not clear that the pleadings referred to in the City's motion have been filed with the Clerk. As of the date the City's motion was filed, the second amended complaint in this matter is comprised of (i) the original complaint; (ii) the amendment as of right, which was filed on December 17, 2004; and (iii) the matters set forth in the motion for leave to amend, which was filed on April 4, 2005. The final amendment was allowed in an order issued by the magistrate judge on May 9, 2005. That order directed the plaintiff to file his second amended complaint within 15 days. Plaintiff did not file a document in response to that order, and the Court therefore is unable to confirm that the document served on the City on or about May 13, 2005 is the amendment he was given leave to file. Moreover, the City's memorandum states that,

> [o]n June 24, 2005, the City received a Motion to Amend/Correct the Motion to Amend Complaint filed on May 13, 2005, asserting that the
> (continued...)

In support of its latest motion to dismiss, the City first argues that this action is time barred because it was filed more than one year after the dismissal of plaintiff's previous case, Yates v. City of Memphis, et al., No. 02-2447-G/V (W.D. Tenn. dismissed July 29, 2002).[3] Defendant is mistaken.

This case arises out of the arrest of the plaintiff on September 21, 2001. Case no. 02-2447-G/V was dismissed as premature, in light of Heck v. Humphrey, 512 U.S. 477 (1994), because the criminal charges arising out of the incident were still pending. The complaint in this case alleges that, "[o]n July 29, 2004, the Shelby County Criminal Court Division V, the Honorable Joseph B. Dailey, presiding, dismissed the pending charges relating to this Complaint . . . (Nolle Prosequi)." Because of Heck v. Humphrey, the running of the limitations period does not commence until the criminal charges are resolved in the plaintiff's favor. Wolfe v. Perry, 412 F.3d 707, 713-15 (6th Cir. 2005); Shamaeizadeh v. Cunigan, 182 F.3d 391 (6th Cir. 1999). In this case, the

---

[2] (...continued)
Motion to Amend was mis-characterized and was intended to be an Amended Complaint. Also on June 24, 2005, the Defendant received another copy of an Amended Complaint. None of the copies sent to the City reflect when they were actually filed with the Court.

Memorandum in Support of Second Renewed Motion to Dismiss of Defendant City of Memphis, filed July 7, 2005 ("D. Br."), at 1. Neither of these documents is contained in the case file and, as of the date the City submitted his motion to dismiss, plaintiff had not sought leave for any further amendments. Accordingly, the operative pleading in this case consists of the three documents previously described.

[3] The first ground raised by the City is a reiteration of its previous motions, which have been denied.

complaint was received by the Clerk on October 5, 2004, well within the one-year limitations period that commenced running on July 29, 2004. Accordingly, the Court DENIES this aspect of the City's motion to dismiss.

Finally, the City notes, correctly, that the plaintiff's claims do not arise under the Eighth Amendment, which does not apply in the context of arrests by law enforcement officers. The City also asserts that the plaintiff's claims do not arise out of the Due Process Clause of the Fourteenth Amendment. However, the second amended complaint does not purport to assert claims under the Eighth and Fourteenth Amendments. Instead, the complaint expressly invokes plaintiff's rights under the Fourth Amendment, which the City concedes is the appropriate constitutional provision.

Because the plaintiff has not asserted claims under the Eighth and Fourteenth Amendments, the Court DENIES the City's motion to dismiss those claims.

IT IS SO ORDERED this 19th day of January, 2006.

s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

3