IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|  |  |  |
|---|---|---|
| JEFFERY YATES, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 04-2836-Ma/An |
| | ◊ | |
| CITY OF MEMPHIS, et al., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |
| | ◊ | |

---

ORDER DENYING THE MOTION TO DISMISS FILED BY
THE CITY OF MEMPHIS

---

Plaintiff Jeffery Yates, Tennessee Department of Correction prisoner number 220939, an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on October 5, 2004 and paid the civil filing fee. On December 17, 2004, plaintiff filed a motion to amend or correct the complaint. The Court issued an order on January 25, 2005 that, inter alia, construed the December 17, 2004 filing as an amendment as of right, pursuant to Fed. R. Civ. P. 15(a), and directed the Clerk to issue process for, and the marshal to effect service on, the defendants. The City of Memphis (the "City") filed a motion to dismiss the complaint on March 22, 2005. Plaintiff filed a response in opposition to that motion on April 5, 2005, along with a motion seeking leave to amend his

complaint. The magistrate judge granted leave to amend on May 9, 2005.[1] The City filed a renewed motion to dismiss on April 26, 2006, which reiterated the same issues raised in its original motion, and the plaintiff responded to that motion on May 6, 2005.

The City first argues that the plaintiff's claims were previously brought in another case, Yates v. City of Memphis, et al., No. 02-2447-G/V (W.D. Tenn. dismissed July 29, 2002). The January 25, 2005 order discussed the effect of that previous case:

> This action arises out of the plaintiff's arrest on September 21, 2001 on charges of attempting to patronize a prostitute (who was actually a police decoy), evading arrest, and resisting official detention. Plaintiff previously filed a lawsuit concerning these events which was dismissed as premature on the ground that the criminal charges were still pending. Yates v. City of Memphis, et al., No. 02-2447-G/V (W.D. Tenn. dismissed July 29, 2002). The complaint alleges that the pending charges were dismissed on July 29, 2004.

01/25/05 Order at 2. The dismissal of Case No. 02-2447 as premature does not preclude the plaintiff from filing a lawsuit concerning these events after the criminal charges have been resolved. Yates v. City of Memphis, et al., No. 02-2447-G/V, 07/29/02 Order at 5 ("Plaintiff has no claim under § 1983 arising from his arrest prior to the resolution of his pending criminal charges.") (emphasis added). This aspect of the City's motion to dismiss is DENIED.

---

[1] Although the order granting leave to amend directed the plaintiff to file his second amended complaint within 15 days, it appears that the text of the amendment is contained in plaintiff's motion seeking leave to amend.

Next, the City argues that plaintiff is barred from pursuing this action by 28 U.S.C. § 1915(g), which states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g), on its face, imposes no restrictions on the filing of paid complaints. See, e.g., In re Alea, 286 F.3d 378, 380 (6th Cir. 2002) (an inmate with three strikes "cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed."); cf. Wilson v. Yaklich, 148 F.3d 596, 605-06 (6th Cir. 1998) (noting the judicial alternatives to in forma pauperis lawsuits in federal court).

The January 25, 2005 order makes clear that the Court was aware of the plaintiff's litigation history:

> Because plaintiff had previously incurred three "strikes" pursuant to 28 U.S.C. § 1915(g), he lost the ability to take advantage of the installment payment provisions of 28 U.S.C. § 1915(b) unless he is in imminent danger of serious physical injury. Yates v. Shelby County, et al., No. 02-2496-G/V (W.D. Tenn. June 26, 2002). No restrictions have been placed on plaintiff's ability to file paid complaints.

The plaintiff paid the civil filing fee, and § 1915(g) does not bar plaintiff from prosecuting this action in federal court. This aspect of the City's motion to dismiss is DENIED.

Accordingly, the Court DENIES the City's motion to dismiss in its entirety.

IT IS SO ORDERED this 19th day of January, 2006.


s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE