```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

JEFFERY YATES,

    Plaintiff,

vs.                                          No. 04-2836-Ma/An

CITY OF MEMPHIS, et al.,

    Defendants.

ORDER CORRECTING THE DOCKET
ORDER DENYING PLAINTIFF'S MOTIONS TO
STRIKE THE MOTION TO DISMISS
FILED BY DEFENDANTS BOYCE, HOLQUIN, AND WALLACE
AND
ORDER DENYING MOTION FOR DEFAULT AGAINST THOSE DEFENDANTS

Plaintiff Jeffery Yates, Tennessee Department of Correction prisoner number 220939, an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on October 5, 2004 and paid the civil filing fee. On December 17, 2004, plaintiff filed a motion to amend or correct the complaint. The Court issued an order on January 25, 2005 that, inter alia, construed the December 17, 2004 filing as an amendment as of right, pursuant to Fed. R. Civ. P. 15(a), and directed the Clerk to issue process for, and the marshal to effect service on, the defendants. On May 17, 2005, defendants Felipe Boyce, Jonas Holquin, and Dariet Wallace filed an

answer to the amended complaint and a motion to dismiss.[1] On May 27, 2005, plaintiff filed a document, entitled "Motion to Strike Defendant's [sic] F. Boyce, J. Holquin and D. Wallace Motion to Dismiss and Motion for Judgment by Default Against Defendants," accompanied by a supporting affidavit. Defendants Boyce, Holquin, and Wallace filed a response to that motion on June 9, 2005. On June 16, 2005, plaintiff filed two documents, entitled "Motion in Reply to Deny Response Motion in Defendants V. Crutchfield, F. Boyce, J. Holquin, and D. Wallace Motion to Dismiss Plaintiff [sic] Motion to Strike and Motion for Judgment Default," and "Memorandum with Documents of Case Facts to Support Plaintiff [sic] Motion in Reply to Deny Response Motion in Defendants V. Crutchfield, F. Boyce, J. Holquin, and D. Wallace Motion to Dismiss Plaintiff Motion to Strike and Motion for Judgement Default," which appears, collectively, to be a reply in further support of the motion filed on May 27, 2005.[2]

The plaintiff's motion is based on the assumption that the individual defendants did not timely respond to the complaint.

---

[1] Plaintiff filed a response in opposition to the motion to dismiss on May 23, 2005. In a separate order, the Court has denied the motion to dismiss.

[2] Perhaps because of the confusing titles of these documents, the pending motions list for this case incorrectly lists these as a new motion for a default judgment. The Clerk is ORDERED to correct the docket to reflect that this is a reply brief.

Likewise, the docket incorrectly reflects that the documents filed by the City of Memphis on November 17, 2005 are a response to this purported "motion." The plaintiff's motion for summary judgment has apparently not been filed. The Clerk is ORDERED to correct the docket to remove the link between docket numbers 36 and 59-60.

In this case, the Court ordered the Clerk to issue process on January 25, 2005, and summonses were issued on March 16, 2005. Defendants Boyce and Holquin were served on April 27, 2005, and defendant Wallace was served on May 9, 2005.[3] At that time, the individual defendants had twenty (20) days to respond to the amended complaint. Fed. R. Civ. P. 12(a)(1)(A). The defendants' answer and motion to dismiss, which were filed May 17, 2005, were timely even without taking into consideration the order granting leave to file a second amended complaint, which was issued on May 9, 2005.[4]

On the assumption that the motion to dismiss filed by defendants Boyce, Holquin, and Wallace was untimely, the plaintiff asks that it be stricken pursuant to Fed. R. Civ. P. 12(f). As the motion was timely, this aspect of plaintiff's motion is DENIED.

Plaintiff also seeks a default judgment against the individual defendants on the assumption that they failed to file a timely response to the complaint. As a preliminary matter, the plaintiff's application is not in the proper form, as he has not asked the Clerk to enter a default pursuant to Fed. R. Civ. P. 55(a). In the interest of avoiding unnecessary motion practice, however, the Court will address the merits of the plaintiff's

---

[3]   Defendant V. Crutchfield has not been served and has not appeared in this action.

[4]   The plaintiff complains that the individual defendants failed to respond to a request for waiver of service. However, when a defendant fails to respond to such a request, the plaintiff is required to complete formal service. See Fed. R. Civ. P. 4(d)(2).

3

application. The plaintiff is not entitled to entry of default against defendants Boyce, Holquin, and Wallace because they have not "failed to plead or otherwise defend as provided by these rules." The plaintiff is not entitled to entry of default against defendant Crutchfield because he has not been served and, therefore, the Court has not obtained jurisdiction over him.[5] Accordingly, the plaintiff's motion for entry of default is DENIED.

IT IS SO ORDERED this 19th day of January, 2006.


s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The summons issued for defendant Crutchfield was returned unexecuted on June 24, 2005.