```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

_____

```
                                    ∤
JEFFERY YATES,                      ∤
                                    ∤
        Plaintiff,                  ∤
                                    ∤
vs.                                 ∤        No. 04-2836-Ma/An
                                    ∤
CITY OF MEMPHIS, et al.,            ∤
                                    ∤
        Defendants.                 ∤
                                    ∤
```

_____

```
               ORDER CORRECTING THE DOCKET
                          AND
        ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
```

_____

Plaintiff Jeffery Yates, Tennessee Department of Correction prisoner number 220939, an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on October 5, 2004 and paid the civil filing fee. On December 17, 2004, plaintiff filed a motion to amend or correct the complaint. The Court issued an order on January 25, 2005 that, inter alia, construed the December 17, 2004 filing as an amendment as of right, pursuant to Fed. R. Civ. P. 15(a), and directed the Clerk to issue process for, and the marshal to effect service on, the defendants. On April 5, 2005, plaintiff filed a motion seeking leave to amend his complaint. The magistrate judge granted leave to amend on May 9, 2005. For purposes of this order, therefore, the second amended complaint in

this matter is comprised of (i) the original complaint; (ii) the amendment as of right, which was filed on December 17, 2004; and (iii) the substantive paragraphs set forth in the April 5, 2005 motion.

On December 1, 2005, plaintiff filed a motion for summary judgment against all defendants, accompanied by a memorandum of law.[1] The City of Memphis (the "City") filed a response in opposition to that motion on November 16, 2005. On November 22, 2005, plaintiff filed two documents, entitled "Motin [sic] in Reply to Deny Defendant City of Memphis Response to Dismiss Plaintiff Motion for Summary Judgment" and "Memorandum of Law in Support of Plaintiff Motion in Reply to Deny Defendant City of Memphis Response to Dismiss Plaintiff Motion for Summary Judgment," which the Court CONSTRUES as a reply in further support of the plaintiff's motion.[2] Defendants Felipe Boyce, Jonas Holquin, and

---

[1]    The certificate of service indicates these documents were served on the defendants on October 16 and 11, 2005, respectively. The memorandum was received by the Clerk on October 12, 2005. It is not clear whether the Clerk received the motion on or about the date stated in the certificate of service.

[2]    The docket sheet incorrectly lists the November 22, 2005 filing as a separate motion rather than as a reply. The Clerk is ORDERED to remove these filings from the list of pending motions.

In his reply, the plaintiff asserts that the City's response was untimely. Plaintiff is mistaken. Although the memorandum was served on October 11, 2005, the motion was served on October 16, 2005. Thus, service of the motion was not complete until October 16, 2005. Pursuant to Local Rules 6.1 and 7.2(a)(2), the City had 30 days to respond to the summary judgment motion plus an additional three days, pursuant to Fed. R. Civ. P. 6(e), because the motion was served by mail. The City's response, which was filed on November 17, 2005, was timely. Even if it were not, the Court exercises its discretion to accept the late response.

Dariet Wallace filed a response to the plaintiff's motion on November 23, 2005.[3]

Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the Supreme Court explained:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (citation omitted).[4]

Under Fed. R. Civ. P. 56(e), "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth

---

[3]   The individual defendants also filed a cross-motion for summary judgment which, in the interest of clarity, will be addressed in a separate order.

[4]   In this case, the motion for summary judgment was filed by the plaintiff, who will have the burden of proof in the event there is a trial.

specific facts showing that there is a genuine issue for trial." In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." <u>Kochins v. Linden-Alimak, Inc.</u>, 799 F.2d 1128, 1133 (6th Cir. 1986); <u>see also</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986) (same).[5]

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>see also id.</u> at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"); <u>Matsushita</u>, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is

---

[5]     Rule 56(e) sets forth in detail the evidentiary requirements applicable to a summary judgment motion:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to all the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

some metaphysical doubt as to the material facts.") (footnote omitted). The Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. <u>Liberty Lobby</u>, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id.</u> at 251-52.

Moreover, Fed. R. Civ. P. 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." <u>Cacevic v. City of Hazel Park</u>, 226 F.3d 483, 488 (6th Cir. 2000); <u>see also</u> <u>Good v. Ohio Edison Co.</u>, 149 F.3d 413, 422 (6th Cir. 1998); <u>Plott v. General Motors Corp.</u>, 71 F.3d 1190, 1196-97 (6th Cir. 1995). Moreover, the Sixth Circuit has held that, unless the nonmoving party files a Rule 56(f) affidavit, a district court cannot decline to consider the merits of a summary judgment motion on the ground that it is premature. <u>Wallin v. Norman</u>, 317 F.3d 558, 564 (6th Cir. 2003).

In this case, the plaintiff's submission, which consists of a statement of undisputed facts, does not comply with Fed. R. Civ. P. 56 or with Local Rule 7.2(d)(2), which provides:

> On every motion for summary judgment, in addition to citations to appropriate legal authorities, the proponent of the motion shall designate in the accompanying memorandum by serial numbering each material fact upon which the proponent relies in support of the motion and shall affix to the memorandum copies of the precise portions of the record relied upon as evidence of each material fact. If the proponent contends that the opponent of the motion cannot produce evidence to create a genuine issue of material fact, the proponent shall affix to the memorandum copies of the precise portions of the record relied upon as evidence of this assertion.

The plaintiff has not submitted any evidence in support of his motion, as he must do because he has the burden of proof at trial.

Because the factual allegations in the original complaint were sworn to under penalty of perjury, the plaintiff's complaint constitutes the functional equivalent of an affidavit. Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001); Weberg v. Franks, 229 F.3d 514, 526 n.14 (6th Cir. 2000). However, the affidavits submitted by the individual defendants are more than sufficient to raise genuine issues of material fact as to the probable cause for the plaintiff's arrest and the alleged use of excessive force by the individual defendants.

6

The plaintiff's motion for summary judgment is DENIED.

IT IS SO ORDERED this 19th day of January, 2006.


                              s/ SAMUEL H. MAYS, JR.
                                 UNITED STATES DISTRICT JUDGE

7